| |
|---|
| **Ntiru v WV Preserv. Partners, LLC** |
| 2025 NY Slip Op 30662(U) |
| February 26, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 158358/2021 |
| Judge: Paul A. Goetz |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. PAUL A. GOETZ**

*Justice*

PART 47

---------------------------------------------------------------------------X

RICHARD NTIRU, MARION NTIRU,

Plaintiffs,

- v -

WV PRESERVATION PARTNERS, LLC, WESTVIEW
OWNERS CORP, NORTH TOWN PHASE III HOUSES, INC.

Defendants.

---------------------------------------------------------------------------X

INDEX NO. 158358/2021

MOTION DATE 09/04/2024

MOTION SEQ. NO. 002

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 67, 68, 69, 70, 71, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 89

were read on this motion to/for _____SUMMARY JUDGMENT(AFTER JOINDER_____.

In this action involving an offering plan for tenants of affordable housing units,

defendants move for summary judgment pursuant to CPLR § 3212 dismissing plaintiffs'

complaint.

Plaintiff Marion Ntiru is the daughter of Richard Ntiru, the sole tenant of record of

Apartment 324 in the housing complex located at 625 Main Street, New York, NY (the

building), owned by defendants (NYSCEF Doc No 68 ¶¶ 1-3). On July 31, 2018, the building

was withdrawn from the Mitchell Lama Program, an affordable housing rental initiative, and

became subject to a new affordability plan (*id.* ¶¶ 4-5). The new affordability plan provided that

each "bona fide Mitchell Lama tenant" was entitled to purchase their apartments at an insider

price during an exclusive period (*id.* ¶ 16; NYSCEF Doc No 29). A "bone fide Mitchell Lama

tenant" is defined as:

> (i) the tenant named in the existing Mitchell Lama lease provided
> that such person is in actual physical possession and occupancy of
> the apartment as his primary residence and has so occupied the
> apartment continuously for the preceding 12 months (or the

158358/2021   NTIRU, RICHARD ET AL vs. WV PRESERVATION PARTNERS, LLC ET AL
Motion No.  002

Page 1 of 4

1 of 4

commencement of their Mitchell Lama lease term, whichever is less), or (ii) if the Mitchell Lama tenant shall no longer be in occupancy of the apartment, members of the named tenant's immediate family who resided in the apartment <u>with the named tenant</u> as their primary residence and thereafter continuously and without interruption continued to occupy the apartment as their primary residence and who would qualify for succession . . . if the property had not been withdrawn from the [] Program . . .

(NYSCEF Doc No 29 § 5[iii] [emphasis added]).

Richard, as tenant of record, received a purchase agreement on September 30, 2019. On February 17, 2020, Richard returned the agreement with his signature, but it was also signed by Marion as a second tenant (*id.* ¶¶ 10-11; NYSCEF Doc Nos 34-35). On March 26, 2020, Richard was advised that the agreement was incomplete/void because it improperly added Marion as a tenant, and he was given another "blank lease for the tenant of record's signature only" (*id.* ¶ 12; NYSCEF Doc No 36). Richard never returned the agreement with only his signature, and the exclusive period expired on July 19, 2021 (*id.* ¶¶ 13, 17).

Plaintiffs' causes of action are for: (i) a declaratory judgment that "one or both Plaintiffs is or are entitled to purchase the Subject Apartment as insiders," and an injunction directing defendants to "recognize and give full force and effect to the [purchase] agreement" and to convey the apartment to plaintiffs; and (ii) a "declaratory judgment that Defendants have engaged in a systematic policy in violation of the laws of the State of New York, including GBL Section 349, by systematically refusing to recognize [purchase] agreements," an injunction enjoining them from engaging in the business of cooperative apartment sales, and a monetary judgment (NYSCEF Doc No 1).

Defendants have demonstrated that neither Richard nor Marion were bona fide Mitchell Lama tenants such that they were entitled to enter the purchase agreement at the insider price. Assistant manager of defendant WV Preservation Partners LLC Candee B. Chusid stated in an

158358/2021   NTIRU, RICHARD ET AL vs. WV PRESERVATION PARTNERS, LLC ET AL                Page 2 of 4
   Motion No.  002

2 of 4

[* 2]

affidavit that on August 16, 2021, Marion advised that Richard "did not actually live in the apartment but instead lived in Uganda as his home and that [Marion] resided in the apartment alone" (NYSCEF Doc No 69 ¶¶ 8 ["Ms. Ntiru also admitted that she wanted to purchase the apartment herself, but if that was not possible, then she would purchase it with her father[,] emphatically stat[ing] that her father would not purchase the Apartment solely in his own name"]). Plaintiffs' opposition does not dispute that Richard did not live in the apartment (NYSCEF Doc No 75). Thus, while Richard was the named tenant of record, he was not "in actual physical possession and occupancy of the apartment as his primary residence [] continuously for the preceding 12 months"; and while Marion was a "member[] of the named tenant's immediate family," she did not "reside[] in the apartment with the named tenant" as required to be considered a bona fide Mitchell Lama tenant (NYSCEF Doc No 29 § 5[iii]).

Additionally, defendants note that the purchase agreement instructions advised: "If the [purchase] agreement is altered in any way, it will be considered void and will not be accepted" (NYSCEF Doc No 39). Plaintiffs' argument that the purchase agreement was not "altered" by adding Marion as a tenant/purchaser is without merit.

Accordingly, it is

ORDERED that defendants' motion for summary judgment dismissing the complaint is granted and the complaint is dismissed with costs and disbursements to defendants as taxed by the Clerk upon the submission of an appropriate bill of costs; and it is further

ORDERED that the Clerk is directed to enter judgment accordingly; and it is further

158358/2021   NTIRU, RICHARD ET AL vs. WV PRESERVATION PARTNERS, LLC ET AL        Page 3 of 4
  Motion No.  002

3 of 4

[* 3]

ORDERED that the status conference scheduled for February 27, 2025 is canceled.

20250226110631PGOETZ22E6040093DA34A80A112CD7B58702887

| 2/26/2025 | |
|---|---|
| **DATE** | **PAUL A. GOETZ, J.S.C.** |

CHECK ONE: [X] CASE DISPOSED    [ ] NON-FINAL DISPOSITION

[X] GRANTED    [ ] DENIED    [ ] GRANTED IN PART    [ ] OTHER

APPLICATION: [ ] SETTLE ORDER    [ ] SUBMIT ORDER

CHECK IF APPROPRIATE: [ ] INCLUDES TRANSFER/REASSIGN    [ ] FIDUCIARY APPOINTMENT    [ ] REFERENCE

**158358/2021   NTIRU, RICHARD ET AL vs. WV PRESERVATION PARTNERS, LLC ET AL**          **Page 4 of 4**
  **Motion No.  002**

[* 4]
4 of 4